UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SPARTON ELECTRONICS FLORIDA, INC.,**

    Plaintiff,

v.                                               Case No.  8:05-cv-1495-T-30TBM

**ELECTROPAC CO., INC. and ELECTROPAC CANADA, INC.,**

    Defendants.
_____

## ORDER

THIS CAUSE comes before the Court upon Defendant Electropac, Co., Inc.'s (hereinafter "Defendant" or "Electropac U.S.") Motion to Dismiss and Motion for more Definite Statement (Dkt. 10), Memorandum of Law in support thereof (Dkt. 11) and Plaintiff Sparton Electronics Florida, Inc.'s Brief in Opposition to the same (Dkt 14).

**Motion to Dismiss Standard**

At the motion to dismiss stage, this Court must review the Complaint in the light most favorable to plaintiff and construe all allegations in the Complaint as true. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  A court may, however, dismiss a complaint on a dispositive issue of law.  Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F. 2d 1171 (11th Cir. 1993).  Conclusory allegations "will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief . . . However, the alleged facts

need not be spelled out with exactitude, nor must recovery appear imminent." <u>Quality Foods De Centro America S.A. v. Latin America Agribusiness Development Corp.</u>, 711 F. 2d 989, 995 (11th Cir. 1983).  A motion to dismiss is appropriate when it appears "beyond a reasonable doubt" that the plaintiff can prove no set of facts to support his claim.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>South Florida Water Management District v. Montalvo</u>, 84 F. 3d 402, 406 (11th Cir. 1996).

## **DISCUSSION**

Plaintiff has filed a four count Complaint alleging Breach of Contract (Count I), Breach of Warranty (Count II), Indemnification (Count III) and Fraudulent Misrepresentation (Count IV) (Dkt. 9).  Plaintiff's breach of contract and warranty and indemnification claims are based on its belief that Defendant Electropac Canada (hereinafter "Electropac Canada") manufactured and delivered defective and nonconforming printed circuit boards (hereinafter "PCBs") to Plaintiff.  Plaintiff's fraudulent misrepresentation claim is based on allegations that Electropac Canada intentionally and knowingly made false certifications as to the compliance of the products it manufactured with various requirements and standards at the time the PCBs were delivered to Sparton.  Sparton also alleges that Electropac U.S. is liable for the actions of Electropac Canada under an "alter ego and/or agent" theory.  Plaintiff has also included allegations in Count IV of separate individual fraud liability as to Electropac U.S. based on representations made regarding Electropac Canada's ability to manufacture PCBs.  Defendant Electropac U.S. filed its Motion arguing that the Complaint should be dismissed because (1) Plaintiff has failed to properly allege its alter ego or agency theory;

and (2) Plaintiff's claims for fraudulent misrepresentation are barred by the economic loss rule. (Dkt. 10).  In the alternative, Defendant Electropac U.S. asks for a more definite statement as to Plaintiff's alter ego or agency liability theories and the fraudulent misrepresentation claim.

### A.     Alter ego Liability.

In determining whether the corporate veil of a subsidiary corporation can be pierced to impose liability on a parent, the law of the state of incorporation is to be applied.  Pulte Home Corp. v. Ply Gem Industries, Inc., 804 F. Supp. 1471, 1489 (M.D. Fla. 1992).  As Electropac U.S. is a New Hampshire corporation, New Hampshire law applies in determining whether the allegations in the Complaint are sufficient to establish alter ego liability.[1]  Under New Hampshire law, in order to avail itself of the alter ego doctrine, a plaintiff must establish that the corporate entity was used to promote an injustice or a fraud.  Village Press, Inc. v. Stephen Edward Company, Inc., 120 N.H. 469, 471 (N.H. 1980).  Defendant Electropac U.S. argues that Plaintiff has failed to adequately allege alter ego liability because the Complaint contains no allegations that the Defendants were sham entities or that they promoted an injustice or fraud using the corporate form (Dkt. 11).  In reviewing the Complaint, it contains several allegations regarding the alter ego/agency relationship between Electropac Canada and Electropac U.S. (Dkt. 9 at ¶¶ 4-6, 17-18, 20-21).  Additionally, Plaintiff has included allegations regarding Electropac U.S.'s transfer of assets from Electropac Canada to

---

[1]Additionally, the parties have agreed that New Hampshire law applies.

Electropac U.S. and the "Electropac family of companies" in order to "improperly frustrate and/ or hinder[] [Plaintiff's] and/or Honeywell['s] [efforts] to recover damages." (Dkt. 9 at ¶¶ 47-48).  Assuming the truth of these allegations, as this Court must at this stage, they are sufficient to withstand a Motion to Dismiss.

**B.    Agency Liability.**

Defendant also argues that Plaintiff has failed to sufficiently establish agency liability between Electropac U.S. and Electropac Canada.  The parties have also agreed that New Hampshire law applies to the agency issue.  Under New Hampshire law, in order to establish an agency relationship, a plaintiff must allege: (1) authorization from the principal that the agent shall act for him or her; (2) the agent's consent to so act; and (3) the understanding that the principal is to exert some control over the agent's actions.  See Herman v. Monadnock PR-24 Training Council, 147 N.H. 754,758 (N.H. 2002).  Defendant argues that Plaintiff has failed to allege the necessary elements to establish an agency relationship between Electropac U.S. and Electropac Canada.   Specifically, Defendant argues Plaintiff has failed to allege that Electropac Canada had authorization to act for Electropac U.S. or vice versa, and that Electropac U.S. had any control over Electropac Canada's actions. (Dkt. 11 at 7).  Plaintiff argues that the allegations in the Complaint are sufficient to establish an actual or apparent agency relationship.  According to Plaintiff, there are several allegations in the Complaint that support the alleged agency relationship, i.e. paragraphs 6,17-18, 32, 46 and 61 of the Complaint.  This Court agrees.   While not the most  artfully drafted, the Complaint does contain allegations that Electropac U.S. informed Plaintiff that "it [Electropac U.S.] operated

what was characterized as a division of its company at a plant located in the province of Quebec, Canada," (Dkt. 9 at ¶ 17); and "represented to [Plaintiff] and Honeywell that its Quebec plant was part of the same business operation as the New Hampshire plant." Id. at ¶ 18. Moreover, at several paragraphs in the Complaint, Plaintiff alleges the existence of an agency relationship between Electropac U.S. and Electropac Canada. (Dkt. 9 at ¶¶ 4-6, 37, 54, 73 and 79). While it is true that Plaintiff did not specifically allege "Electropac Canada had authorization to act for Electropac U.S." (Dkt. 11 at 7), the allegations in the Complaint are sufficient to meet all of the elemental requirements to establish an agency relationship.

**C.    Fraudulent Misrepresentation.**

Defendant also argues that Plaintiff's Fraudulent Misrepresentation claim is barred by the economic loss rule.[2] In Florida, the economic loss rule bars recovery in tort if the only damages suffered are economic losses. See Indemnity Insurance Co. of North America v. American Aviation, Inc., 891 So.2d 532, 536 (Fla. 2002). Additionally, a tort action "is barred where a defendant has not committed a breach of duty apart from a breach of contract." Id. at 537. Defendant argues that this claim is barred by the economic loss rule because Plaintiff is seeking purely economic damages based on the damage to the PCBs. (Dkt. 11 at 11). Moreover, Defendant argues that because the alleged fraudulent misrepresentation and breach of contract claims are so interwoven, Plaintiff's fraudulent misrepresentation claim is barred. See Indemnity Insurance, 891 So. 2d at 542 (stating

---

[2]Both parties agree that Florida law governs this claim and whether it is barred by the economic loss rule.

"when parties have negotiated remedies for nonperformance pursuant to a contract, one party may not seek to obtain a better bargain than in made by turning a breach of contract into a tort for economic loss." ).   Defendant argues that Plaintiff's fraudulent misrepresentation claim, as alleged, does not give rise to an independent cause of action because it deals with Electropac Canada's alleged misrepresentations that are the basis of Plaintiff's breach of contract action.  Defendant also argues that those allegations in the Complaint dealing with misrepresentations allegedly made pre-contract are insufficient to establish a fraudulent misrepresentation claim.  This Court disagrees.  While paragraphs 73 to 78 do deal with the alleged misrepresentation of conforming PCBs and are intertwined with the breach of contract claims, in paragraphs 79 to 83, Plaintiff has sufficiently alleged the elements of a fraudulent misrepresentation claim.  The fraudulent misrepresentation allegations require proof separate and apart from the allegations necessary to support the breach of contract claim.  To support the fraudulent misrepresentation claim, Plaintiff will have to prove that Electropac Canada did not have the capability to perform and was not qualified to manufacture PCBs in conforming with the contract, not just that the product failed to meet the contracted specifications. Accordingly, Defendant's Motion to Dismiss as to Count IV is **denied**.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Electropac, Co., Inc.'s Motion to Dismiss and Motion for more Definite Statement (Dkt. 10) is **DENIED**.

2. Defendant is ordered to file and serve an Answer to Plaintiff's Complaint within **twenty (20) days** of the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on September 21, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2005\05-cv-1495 Motion to Dismiss.frm