**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SPARTON ELECTRONICS**
**FLORIDA, INC.,**

    **Plaintiff,**

v.                                         **Case No. 8:05-cv-1495-T-30TBM**

**ELECTROPAC CO. INC., and**
**ELECTROPAC CANADA, INC.,**

    **Defendants.**
_____/

**O R D E R**

THIS MATTER is before the court on **Plaintiff's Motion to Compel** (Doc. 50). By its motion, Plaintiff seeks an Order compelling Defendants, Electropac Co., Inc. ("Electropac U.S.") and Electropac Canada, Inc. ("Electropac Canada"), to provide complete production and/or access to documents responsive to certain of Plaintiff's Requests for Production of Documents and Things, as well as documents related to Interrogatory No. 5 of Plaintiff's First Set of Interrogatories, both of which were served on December 30, 2006. In the alternative, Plaintiff seeks a certification from Defendants' counsel and officers indicating that all responsive documents have been provided. Plaintiff also seeks the fees and costs incurred in its instant motion. Electropac U.S. and Electropac Canada (collectively "Defendants") have filed a response in opposition (Doc. 51) suggesting that they have adequately complied with all the outstanding requests. A hearing on this matter was conducted on May 31, 2007.

In this case, Plaintiff sues Defendants for breach of contract, breach of warranty, indemnification, and fraudulent misrepresentation. The claims arise out of Plaintiff's purchase of allegedly defective printed circuit boards from Electropac Canada between September and December 2001. By Plaintiff's allegations, liability attaches to Electropac U.S. because Electropac Canada acted as its alter ego or agent. The discovery at issue on the instant motion relates primarily to Defendants' refusal to produce or make available financial documents outside of the time frame during which Electropac Canada manufactured the printed circuit boards sold to Plaintiff, as well as financial documents from non-party corporations and individuals.

Regarding Electropac Canada, Plaintiff specifically seeks an Order directing it to (1) produce, to the extent not already produced, any and all documents responsive to Request to Produce Nos. 1-5, 9, and 24-26, for the period of January 1, 2005, through the present, and (2) produce any and all bank account records regarding transfers between Electropac U.S., Electropac Canada, and companies related to and/or wholly owned by Raymond Boissoneau, which correspond to Request No. 4 and would allow Plaintiff to discern the information sought in Interrogatory No. 5. Regarding Electropac U.S., Plaintiff seeks an Order directing it to (1) produce, to the extent not already produced, any and all documents responsive to Request to Produce Nos. 1-5 and 19-23, for the period of January 1, 2005, through the present, and (2) produce any and all bank account records regarding the same transfers referenced above, which corresponds to Request No. 4 and Interrogatory No. 5. Plaintiff also requests that Defendants be ordered to provide it access to review and copy all documents responsive to a list it provided to Defendants after a document review trip in January 2007.

Should Defendants contend that they have produced all responsive documents, Plaintiff requests that they be ordered to certify such.

Defendants respond generally that the production sought is irrelevant, overly broad and unduly burdensome. More particularly, Defendants state as follows. Regarding Request Nos. 1 and 2, Defendants indicate they have produced or will produce all board of director and shareholder meeting minutes for both companies from 2001-2006. Further, they agree to review their production and provide any minutes not previously produced. Regarding the production sought in Request Nos. 3, 4, 5 (Electropac U.S.), and 6 (Electropac Canada), Defendants state that they have agreed to provide these financial documents to the extent that they show the relationship between Electropac U.S. and Electropac Canada, but as to the financial documents evidencing a relationship between themselves and non-parties,[1] Defendants urge that production of such is not warranted. Regarding the bank records sought in connection with Interrogatory No. 5, Defendants urge that the request is irrelevant as it relates to non-parties and an alter ego theory. Regarding the financial statements provided to customers as sought in Request Nos. 24 (Electropac Canada) and 19 and 21 (Electropac U.S.), Defendants assert these were produced prior to Plaintiff filing its instant motion and demand. Regarding the request for financial statements sought in Request Nos. 25 (Electropac Canada) and 22 (Electropac U.S.), Defendants state that Electropac Canada has produced all of its audited financial statements from fiscal year 2000 through fiscal year ending March 31, 2005, and Electropac U.S. has produced or will produce its financial statements prepared by its

---

[1]Specifically, Raymond Boissoneau; Steven Boissoneau; Electropac Prototype, Inc.; Electropac Limited; Electropac World Wide; Pelchet Management; and Ford Grass Holdings.

3

accountant for the years 2001-2006.  Finally, regarding the requests for tax returns at Request Nos. 23 (Electropac U.S.) and 26 (Electropac Canada), Defendants assert that Electropac U.S. has produced tax returns for 2001-2005 and Electropac Canada has made available for inspection its returns for the years 2002-2003 and tax returns prepared after 2003 will be produced.

In light of the Defendants' response and Plaintiff's acknowledgment of the same at the hearing, it appears that a substantial number of the disputes have been resolved by production made after the instant motion was filed.  By Plaintiff's representation, the dispute currently focuses on the bank records of both companies from 2001 to present, as well as financial documents from third parties alleged to be affiliated with the Defendants.

Upon consideration of the pleadings and the arguments presented at the hearing, **Plaintiff's Motion to Compel** (Doc. 50) is **GRANTED in part**.  Defendants shall permit the Plaintiff to examine copies of the complete bank statements of Electropac U.S. and Electropac Canada for the period from 2001 through 2006, and to copy such portions of the statements as are relevant[2] to this litigation.  To the extent that Electropac U.S. and Electropac Canada have not produced records, including bank records, identifying any assets, funds or work transferred between themselves or to Raymond Boissoneau, Steven Boissoneau, Electropac Prototype, Inc., Electropac Limited, Electropac World Wide, Pelchet Management, and Ford Grass Holdings during the period from 2001 through 2006, they are ordered to do so at a mutually agreed upon time and in a mutually agreed upon manner.  To the extent that the

---

[2]Here, relevance is defined in accordance with Fed. R. Civ. P. 26 (b)(1).

motion seeks the production of documents already produced and thus resolved prior to the hearing, the motion is denied as moot.[3]  This Order is not intended to require the Defendants to again produce matters already produced.  Further, any aspect of the motion not addressed herein is denied.

**Done and Ordered** in Tampa, Florida, this 7th day of June 2007.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record

---

[3]This includes such documents as board of director and shareholder meeting minutes, financial documents Defendants provided to customers, financial statements for each company, and tax returns.